RUSSELL v. BAUMANN.

5-3646                                          394 S. W. 2d 619

Opinion delivered October 18, 1965.

[Rehearing denied November 29, 1965.]

*M. V. Moody,* for appellant.

*House, Holmes & Jewell,* for appellee.

GEORGE ROSE SMITH, J. Anna B. Melker died testate on September 30, 1963, leaving her property to a number of charitable organizations. Two of her sisters, the appellees, filed claims against the estate, asking that they be paid for personal services rendered by them to Mrs. Melker during the last eight and a half months of her life. This is an appeal by the executrix from an order allowing Gertrude Baumann's claim in the amount of $1,885.00 and Cecilia Miller's claim in the amount of $390.00.

The controlling rules of law are firmly settled. These claims are for services consisting, according to the claimants' affidavits, of "personal care, shopping, marketing, running errands, cooking, household duties, and other personal services." When such services are rendered by one member of a family to another it is presumed that they are attributable to the family relationship and are given without any expectation that they will

be paid for. *Williams v. Walden*, 82 Ark. 136, 100 S. W. 898 (1907). A contract for payment will not be implied unless the claimant proves that the services were of such an extraordinary nature that the recipient could not reasonably have expected them to be rendered without compensation. See *Lineback* v. *Smith*, 140 Ark. 500, 215 S. W. 662 (1919).

The proof offered to sustain Gertrude Baumann's claim falls decidedly short of bringing her case within the rules just stated. Miss Baumann moved into her sister's home on January 10, 1963, and lived with her until Mrs. Melker was taken to a hospital on June 24. During those months Miss Baumann was a full-time employee in a department store. Three days a week she left for work at 8:30 in the moring and got home at about 6:00 in the evening. Two days a week she left at eleven and got home at about nine. In her spare time she did the marketing, helped with the housework, and rendered other services of a kind to be expected in the situation that existed. One of her witnesses, Mrs. Henry Gill, conceded frankly on cross examination that she had not seen any activity on Miss Baumann's part that, as between sisters, would be considered unusual or extraordinary.

It does not appear that, during the months in question, Mrs. Melker was confined to her bed or was in need of special care. Another sister, Mrs. Kirspel, who is not shown to have had any reason to be prejudiced, testified that Mrs. Melker was up and about, did some of her own housework (a maid came once a week to do the cleaning), cooked for herself, and took her own baths. In the absence of proof that Miss Baumann rendered the "personal care" referred to in the affidavit to her claim, her services narrow down, in the words of that affidavit, to "shopping, marketing, running errands, cooking, household duties, and other personal services." It is hardly necessary to say that activities such as these, on the part of a woman living in the home of her sister, cannot be regarded as being of the extraordinary character that gives rise to an implied contract for payment.

The other claimant, Mrs. Miller, stands in a better position. She and her husband came up from Texas to

visit Mrs. Melker soon after she entered the hospital. There is proof that Mrs. Melker asked Mrs. Miller to stay and look after her, adding that she would see that Cecilia was "taken care of." Mrs. Miller yielded to her sister's request and let her husband return to Texas alone. She stayed in Arkansas for the remaining thirteen weeks of Mrs. Melker's life, visiting her at the hospital four times a day and preparing special food for her. We are unable to say that the trial court was wrong in finding an express or implied contract for the modest compensation sought by this claimant.

The judgment in favor of Miss Baumann is reversed; that in favor of Mrs. Miller is affirmed.

JOHNSON, J. dissents.